**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| HI-TECH PHARMACEUTICALS, INC., | Civil Action No. 3:19-cv-02639-X |
| Plaintiff, | |
| vs. | Jury Trial Demanded |
| USPLABS, LLC, JACOBO GEISSLER, JONATHAN DOYLE, MODERN SPORTS NUTRITION, AND DOES 1-100, | |
| Defendants. | |

**MODERN SPORTS NUTRITION, LLC'S ANSWER AND COUNTERCLAIMS
AGAINST HI-TECH PHARMACEUTICALS, INC.**

Defendant Modern Sports Nutrition, LLC ("Modern Sports Nutrition") files this Answer and Counterclaims against Plaintiff Hi-Tech Pharmaceuticals, Inc. ("Plaintiff" or "Hi-Tech").

**ANSWER**

Except as specifically admitted herein, Modern Sports Nutrition denies all allegations and averments of Plaintiff's Complaint With Jury Demand (the "Complaint") and otherwise responds as follows:

**NATURE OF THE ACTION**

1.      Modern Sports Nutrition admits that Plaintiff purports to bring its claims under 15 U.S.C. § 1125, unfair competition under Texas law, tortious interference with prospective business relationships, injury to business reputation under Texas Business & Commerce Code § 16.29, and the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).  Modern Sports Nutrition denies the remaining allegations of Paragraph 1.

1

## THE PARTIES

2.      Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in Paragraph 2 of the Complaint and therefore denies same.

3.      Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in Paragraph 3 of the Complaint and therefore denies same.

4.      Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in Paragraph 4 of the Complaint and therefore denies same.

5.      Modern Sports Nutrition admits the allegations in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.      Modern Sports Nutrition admits that this Court has subject matter jurisdiction over the claims alleged in the Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), 28 U.S.C. §§ 2201 and 2202, and 28 U.S.C. § 1367(a), if such claims were properly alleged. Modern Sports Nutrition denies the remaining allegations of Paragraph 6 of the Complaint.

7.      Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in in Paragraph 7 of the Complaint and therefore denies same.

8.      Modern Sports Nutrition admits that it is subject to personal jurisdiction in this district, if the claims in the Complaint were properly alleged.  Modern Sports Nutrition denies that it resides in Texas, that it has committed acts within Texas and this judicial district giving rise to this action, or that it has established minimum contacts with the forum through USPlabs. Modern Sports Nutrition is without sufficient information or belief to admit or deny the remaining allegations contained in Paragraph 8 of the Complaint and therefore denies same.

9.      Modern Sports Nutrition admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) but denies that this venue is the most convenient forum to hear this case as against Modern Sports Nutrition.  Modern Sports Nutrition denies that venue is proper under 28 U.S.C. § 1400(b) as Plaintiff has not asserted a claim of patent infringement.  Modern Sports Nutrition further denies that it resides in this judicial district, that it has committed acts within this district giving rise to this action, that it does business in this

district through USPlabs, or that it provides services in this district.  Modern Sports Nutrition is without sufficient information or belief to admit or deny the remaining allegations contained in Paragraph 9 of the Complaint and therefore denies same.

## **GENERAL ALLEGATIONS**

10.      With respect to the allegations in Paragraph 10 of the Complaint, the Criminal Indictment 3-15-CR-494 (the "USPlabs Criminal Indictment") speaks for itself; therefore, Modern Sports Nutrition denies the allegations in this paragraph of the Complaint to the extent they are inconsistent with or contradict the face of the USPlabs Criminal Indictment.

11.      With respect to the allegations in Paragraph 11 of the Complaint, the USPlabs Criminal Indictment speaks for itself; therefore, Modern Sports Nutrition denies the allegations in this paragraph of the Complaint to the extent they are inconsistent with or contradict the face of the USPlabs Criminal Indictment.

12.      With respect to the allegations in Paragraph 12 of the Complaint, the USPlabs Criminal Indictment speaks for itself; therefore, Modern Sports Nutrition denies the allegations in this paragraph of the Complaint to the extent they are inconsistent with or contradict the face of the USPlabs Criminal Indictment.

13.      In response to Paragraph 13 of the Complaint, Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore denies same.

14.      With respect to the allegations in Paragraph 14 of the Complaint, the USPlabs Criminal Indictment speaks for itself; therefore, Modern Sports Nutrition denies the allegations in this paragraph of the Complaint to the extent they are inconsistent with or contradict the face of the USPlabs Criminal Indictment.

15.      With respect to the allegations in Paragraph 15 of the Complaint, the USPlabs Criminal Indictment speaks for itself; therefore, Modern Sports Nutrition denies the allegations in this paragraph of the Complaint to the extent they are inconsistent with or contradict the face of the USPlabs Criminal Indictment.

16.     In response to Paragraph 16 of the Complaint, Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore denies same.

17.     In response to Paragraph 17 of the Complaint, Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in this paragraph and therefore denies same.

18.     With respect to the allegations in Paragraph 18 of the Complaint, the USPlabs Criminal Indictment speaks for itself; therefore, Modern Sports Nutrition denies the allegations in this paragraph of the Complaint to the extent they are inconsistent with or contradict the face of the USPlabs Criminal Indictment.

19.     With respect to the allegations in Paragraph 19 of the Complaint, any "Superseding Indictment" speaks for itself; therefore, Modern Sports Nutrition denies the allegations in this paragraph of the Complaint to the extent they are inconsistent with or contradict the face of the "Superseding Indictment."

20.     Modern Sports Nutrition admits that according to the public records of the U.S. Patent and Trademark Office, over various periods of time, USPlabs is named as the registered owner of the federal trademark registrations listed in Paragraph 20 of the Complaint.  Modern Sports Nutrition denies that USPlabs currently holds a federal registration for "MODERN BCAA," as Modern Sports Nutrition is the owner of U.S. Trademark Registration No. 4,324,549.  Modern Sports Nutrition is without sufficient information or belief to admit or deny the remaining allegations contained in Paragraph 20 of the Complaint and therefore denies same.

21.     Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in Paragraph 21 of the Complaint, and therefore denies same.

22.     Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in Paragraph 22 of the Complaint, and therefore denies same.

4

23.      Modern Sports Nutrition admits the allegations in Paragraph 23 of the Complaint.

24.      Modern Sports Nutrition admits the allegations in Paragraph 24 of the Complaint.

25.      Modern Sports Nutrition admits the allegations in Paragraph 25 of the Complaint.

26.      Modern Sports Nutrition admits the allegations in Paragraph 26 of the Complaint.

27.      Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in Paragraph 27 of the Complaint, and therefore denies same.

28.      To the extent Paragraph 28 of the Complaint purports to assert a legal conclusion, it does not require a response.  Modern Sports Nutrition is without sufficient information or belief to admit or deny the remaining allegations contained in Paragraph 28 of the Complaint and therefore denies same.

29.      With respect to the allegations in Paragraph 29 of the Complaint regarding USPlabs' February 28, 2019 Plea Agreement (the "Plea Agreement"), the Plea Agreement speaks for itself; therefore, Modern Sports Nutrition denies the allegations in this paragraph of the Complaint to the extent they are inconsistent with or contradict the face of the Plea Agreement.

30.      In response to Paragraph 30 of the Complaint, Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations and therefore denies same.

31.      In response to Paragraph 31 of the Complaint, Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations and therefore denies same.

32.     In response to Paragraph 32 of the Complaint, Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations and therefore denies same.

33.     With respect to the allegations in Paragraph 33 of the Complaint, the Plea Agreement speaks for itself; therefore, Modern Sports Nutrition denies the allegations in this paragraph of the Complaint to the extent they are inconsistent with or contradict the face of the Plea Agreement.  Modern Sports Nutrition specifically denies that the provision of the Plea Agreement cited in Paragraph 33 of the Complaint includes the "MODERN BCAA" trademark.

34.     To the extent Paragraph 34 of the Complaint purports to assert a legal conclusion, it does not require a response.  Modern Sports Nutrition specifically denies that USPlabs was precluded from assigning the "MODERN BCAA" trademark to Modern Sports Nutrition.  Modern Sports Nutrition is without sufficient information or belief to admit or deny the remaining allegations contained in Paragraph 34 of the Complaint and therefore denies same.

35.     In response to Paragraph 35 of the Complaint, Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations and therefore denies same.

36.     In response to Paragraph 36 of the Complaint, Modern Sports Nutrition admits that Plaintiff sells, distributes, and markets supplement products.  Modern Sports Nutrition is without sufficient information or belief to admit or deny the remaining allegations in Paragraph 36 of the Complaint and therefore denies same.

37.     Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in Paragraph 37 of the Complaint and therefore denies same.

38.     In response to Paragraph 38 of the Complaint, Modern Sports Nutrition admits that Plaintiff's products are available in traditional "brick and mortar" stores and through online retailers.  Modern Sports Nutrition is without sufficient information or belief to admit or deny

6

the remaining allegations contained in Paragraph 38 of the Complaint and therefore denies same.

39.     Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in Paragraph 39 of the Complaint and therefore denies same.

40.     Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in Paragraph 40 of the Complaint and therefore denies same.

41.     Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in Paragraph 41 of the Complaint and therefore denies same.

42.     Modern Sports Nutrition admits that according to the public records of the U.S. Patent and Trademark Office, Plaintiff has filed the trademark applications listed in Paragraph 42 of the Complaint.  Modern Sports Nutrition denies that the Plaintiff's application for "MODERN BCAA" was filed based on an "intent to use."  Modern Sports Nutrition is without sufficient information or belief to admit or deny the remaining allegations contained in Paragraph 42 of the Complaint and therefore denies same.

43.     In response to Paragraph 43 of the Complaint, Modern Sports Nutrition admits that Plaintiff is marketing products under the names "Jack3d," "OxyElite Pro," and "Modern BCAA," and that the depicted "Jack3d" and "OxyElite Pro" products appear to show the products marketed.  Modern Sports Nutrition denies that the "Modern BCAA" product shown in Paragraph 43 of the Complaint is the product marketed by Plaintiff because the picture is of Modern Sports Nutrition's MODERN BCAA® product.  Modern Sports Nutrition is without sufficient information or belief to admit or deny the remaining allegations contained in Paragraph 43 of the Complaint and therefore denies same.

44.     Modern Sports Nutrition admits that Plaintiff used the marks "USPlabs," "Jack3d," and "OxyElite" online, including on the social media platforms Facebook and Instagram.  Modern Sports Nutrition is without sufficient information or belief to admit or deny the remaining allegations in Paragraph 44 of the Complaint and therefore denies same.

7

45.     Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in Paragraph 45 of the Complaint and therefore denies same.

46.     Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in Paragraph 46 of the Complaint and therefore denies same.

47.     To the extent Paragraph 47 of the Complaint purports to assert a legal conclusion, it does not require a response.  Modern Sports Nutrition is without sufficient information or belief to admit or deny the remaining allegations contained in Paragraph 47 of the Complaint and therefore denies same.

48.     Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in Paragraph 48 of the Complaint and therefore denies same.

49.     Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in Paragraph 49 of the Complaint and therefore denies same.

50.     Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in Paragraph 50 of the Complaint and therefore denies same.

51.     Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in Paragraph 51 of the Complaint and therefore denies same.

52.     Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in Paragraph 52 of the Complaint and therefore denies same.

53.     Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in Paragraph 53 of the Complaint and therefore denies same.

54.     Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in Paragraph 54 of the Complaint and therefore denies same.

55.     Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in Paragraph 55 of the Complaint and therefore denies same.

56.     Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in Paragraph 56 of the Complaint and therefore denies same.

57.     Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in Paragraph 57 of the Complaint and therefore denies same.

58.     Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in Paragraph 58 of the Complaint and therefore denies same.

59.     Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in Paragraph 59 of the Complaint and therefore denies same.

60.     Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained in Paragraph 60 of the Complaint and therefore denies same.

61.     To the extent Paragraph 61 of the Complaint purports to assert a legal conclusion, it does not require a response.  Modern Sports Nutrition is without sufficient information or belief to admit or deny the remaining allegations contained in Paragraph 61 of the Complaint and therefore denies same.

62.     Modern Sports Nutrition admits that in a Trademark Assignment Agreement dated May 29, 2019, USPlabs assigned U.S. Trademark Registration No. 4,324,549 for "MODERN BCAA" to Modern Sports Nutrition.  Modern Sports Nutrition denies the remaining allegations in Paragraph 62 of the Complaint.

63.     Modern Sports Nutrition denies the allegations contained in Paragraph 63 of the Complaint.

64.     Modern Sports Nutrition admits the allegations contained in Paragraph 64 of the Complaint.

65.     In response to Paragraph 65 of the Complaint, Modern Sports Nutrition denies that USPlabs improperly assigned the "MODERN BCAA" trademark and denies that the "MODERN BCAA" trademark is invalid or non-transferable.  Modern Sports Nutrition is without sufficient information or belief to admit or deny the remaining allegations contained in Paragraph 65 of the Complaint and therefore denies same.

66.     In response to Paragraph 66 of the Complaint, Modern Sports Nutrition admits that there is a real, actual, and justiciable controversy regarding Plaintiff's use of the "USPlabs"

9

and "MODERN BCAA" trademarks in association with dietary supplement products.  Modern Sports Nutrition denies that Plaintiff has a right to maintain its trademark application for "MODERN BCAA."  Modern Sports Nutrition is without sufficient information or belief to admit or deny the remaining allegations contained in Paragraph 66 of the Complaint and therefore denies same.

## COUNT I
### (Tortious Interference with Prospective Business Relationships)

67.      Modern Sports Nutrition incorporates by reference the responses contained in Paragraphs 1–66, as if fully set forth herein.

68.      In response to Paragraph 68 of the Complaint, Modern Sports Nutrition denies each and every allegation contained therein.

69.      In response to Paragraph 69 of the Complaint, Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations contained therein and therefore denies same.

70.      In response to Paragraph 70 of the Complaint, Modern Sports Nutrition denies each and every allegation contained therein.

71.      In response to Paragraph 71 of the Complaint, Modern Sports Nutrition admits that it desires to prevent Plaintiff's customers or potential customers from purchasing products bearing the infringing mark "MODERN BCAA."  Modern Sports Nutrition is without sufficient information or belief to admit or deny the remaining allegations contained in Paragraph 71 of the Complaint and therefore denies same.

72.      In response to Paragraph 72 of the Complaint, Modern Sports Nutrition denies each and every allegation contained therein.

73.      In response to Paragraph 73 of the Complaint, Modern Sports Nutrition denies each and every allegation contained therein.

74.      In response to Paragraph 74 of the Complaint, Modern Sports Nutrition denies each and every allegation contained therein.

## COUNT II
### (Federal Unfair Competition)

75.　　Modern Sports Nutrition incorporates by reference the responses contained in Paragraphs 1–74, as if fully set forth herein.

76.　　In response to Paragraph 76 of the Complaint, Modern Sports Nutrition denies each and every allegation contained therein.

77.　　In response to Paragraph 77 of the Complaint, Modern Sports Nutrition denies each and every allegation contained therein.

78.　　In response to Paragraph 78 of the Complaint, Modern Sports Nutrition denies each and every allegation contained therein.

79.　　In response to Paragraph 79 of the Complaint, Modern Sports Nutrition denies each and every allegation contained therein.

80.　　In response to Paragraph 80 of the Complaint, Modern Sports Nutrition denies each and every allegation contained therein.

81.　　In response to Paragraph 81 of the Complaint, Modern Sports Nutrition denies each and every allegation contained therein.

82.　　In response to Paragraph 82 of the Complaint, Modern Sports Nutrition denies each and every allegation contained therein.

83.　　In response to Paragraph 83 of the Complaint, Modern Sports Nutrition denies each and every allegation contained therein.

84.　　In response to Paragraph 84 of the Complaint, Modern Sports Nutrition denies each and every allegation contained therein.

## COUNT III
### (Common Law Unfair Competition)

85.　　Modern Sports Nutrition incorporates by reference the responses contained in Paragraphs 1–84, as if fully set forth herein.

86.     In response to Paragraph 86 of the Complaint, Modern Sports Nutrition admits that there is a likelihood of confusion between Plaintiff's purported marks and the identical mark that Modern Sports Nutrition is using and enforcing.  Modern Sports Nutrition denies the remaining allegations contained in this paragraph.

87.     In response to Paragraph 87 of the Complaint, Modern Sports Nutrition denies each and every allegation contained therein.

88.     In response to Paragraph 88 of the Complaint, Modern Sports Nutrition admits that its use and/or enforcement of its "MODERN BCAA" trademark is knowing and intentional, but Modern Sports Nutrition denies that such use or enforcement is "unauthorized" and denies the remaining allegations contained in this paragraph.

89.     In response to Paragraph 89 of the Complaint, Modern Sports Nutrition denies each and every allegation contained therein.

90.     In response to Paragraph 90 of the Complaint, Modern Sports Nutrition denies each and every allegation contained therein.

91.     In response to Paragraph 91 of the Complaint, Modern Sports Nutrition denies each and every allegation contained therein.

## COUNT IV
### (Injury to Business Reputation)

92.     Modern Sports Nutrition incorporates by reference the responses contained in Paragraphs 1–91, as if fully set forth herein.

93.     In response to Paragraph 93 of the Complaint, Modern Sports Nutrition denies each and every allegation contained therein.

94.     In response to Paragraph 94 of the Complaint, Modern Sports Nutrition denies each and every allegation contained therein.

95.     In response to Paragraph 95 of the Complaint, Modern Sports Nutrition admits that its use or enforcement of its "MODERN BCAA" trademark is knowing and intentional, but

Modern Sports Nutrition denies that such use or enforcement is "unauthorized" and denies the remaining allegations contained in this paragraph.

96.     In response to Paragraph 96 of the Complaint, Modern Sports Nutrition denies each and every allegation contained therein.

97.     In response to Paragraph 97 of the Complaint, Modern Sports Nutrition denies each and every allegation contained therein.

## COUNT V
**(Declaratory Judgment of Non-Infringement)**

98.     Modern Sports Nutrition incorporates by reference the responses contained in Paragraphs 1–97, as if fully set forth herein.

99.     In response to Paragraph 99 of the Complaint, Modern Sports Nutrition admits that Plaintiff markets, offers for sale and sells dietary supplements over the internet under the trademarks USP LABS, JACK3D, and MODERN BCAA.  However, Modern Sports Nutrition denies that Plaintiff has the right to engage in such activities.

100.     In response to Paragraph 100 of the Complaint, Modern Sports Nutrition denies each and every allegation contained therein.

101.     In response to Paragraph 101 of the Complaint, Modern Sports Nutrition denies each and every allegation contained therein.

102.     Modern Sports Nutrition admits the allegations in Paragraph 102 of the Complaint with respect to its "MODERN BCAA" trademark.

103.     Modern Sports Nutrition admits the allegations in Paragraph 103 of the Complaint that Modern Sports Nutrition denies and disputes that Plaintiff is entitled to register or otherwise seek protection in the "MODERN BCAA" trademark.

104.     In response to Paragraph 104 of the Complaint, Modern Sports Nutrition admits that it claims the "MODERN BCAA" mark was lawfully assigned to Modern Sports Nutrition, that Plaintiff is infringing this trademark, and that Plaintiff denies the foregoing.  Modern Sports Nutrition denies that Plaintiff's infringement is "a result" of the assignment.

13

105.     In response to Paragraph 105 of the Complaint, Modern Sports Nutrition admits that there is a real, concrete, and judiciable controversy between Plaintiff and Modern Sports Nutrition regarding Plaintiff's infringement of Modern Sports Nutrition's MODERN BCAA® trademark.  Modern Sports Nutrition denies the remaining allegations of this paragraph.

<u>**COUNT VI**</u>
**(Declaratory Judgment of Trademark Invalidity and Cancellation of Registrations)**

106.     Modern Sports Nutrition incorporates by reference the responses contained in Paragraphs 1–105, as if fully set forth herein.

107.     The allegations in Paragraph 107 of the Complaint appear to set forth a legal conclusion as to the definition of the word "trademark," and as such, no response is required.

108.     In response to Paragraph 108, Modern Sports Nutrition denies that the allegation in Paragraph 108 of the Complaint is set forth in 15 U.S.C. § 1127.  Paragraph 108 otherwise purports to set forth a legal conclusion for which no response is required.

109.     The allegations in Paragraph 109 of the Complaint set forth a legal conclusion for which no response is required.

110.     The allegations in Paragraph 110 of the Complaint set forth a legal conclusion for which no response is required.

111.     Modern Sports Nutrition admits the allegations in Paragraph 111 of the Complaint.

112.     In response to Paragraph 112 of the Complaint, Modern Sports Nutrition denies the allegations in this paragraph with respect to Modern Sports Nutrition's use of its MODERN BCAA® trademark.  Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations relating to other defendants, and Modern Sports Nutrition therefore denies the remaining allegations of this paragraph.

113.     In response to Paragraph 113 of the Complaint, Modern Sports Nutrition denies that it has no valid trademark rights in "Modern BCAA."  Modern Sports Nutrition is without

14

sufficient information or belief to admit or deny the allegations relating to other defendants, and Modern Sports Nutrition therefore denies the remaining allegations of this paragraph.

114.    In response to Paragraph 114 of the Complaint, Modern Sports Nutrition denies that it is precluded from selling any dietary supplements using the MODERN BCAA® trademark or that USPlabs was precluded from transferring the MODERN BCAA® trademark to Modern Sports Nutrition, and accordingly, Modern Sports Nutrition did not inform the USPTO regarding the same.  Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations relating to other defendants, and Modern Sports Nutrition therefore denies the remaining allegations of this paragraph.

115.    In response to Paragraph 115 of the Complaint, Modern Sports Nutrition denies that it uses or has used, or that USPlabs used, the MODERN BCAA® trademark in association with products that were unlawful and prohibited, and accordingly, Modern Sports Nutrition did not inform the USPTO regarding the same.  Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations relating to other defendants, and Modern Sports Nutrition therefore denies the remaining allegations of this paragraph.

116.    In response to Paragraph 116 of the Complaint, Modern Sports Nutrition denies that the MODERN BCAA® trademark was ever used in association with activities that were unlawful and prohibited and denies the remaining allegations of this paragraph.  To the extent the allegation in this paragraph purports to set forth a legal conclusion, no response is required.

117.    In response to Paragraph 117 of the Complaint, Modern Sports Nutrition denies that its trademark rights are invalid or unenforceable, or that its federal registration is subject to cancellation.  Modern Sports Nutrition is without sufficient information or belief to admit or deny the allegations relating to other defendants, and Modern Sports Nutrition therefore denies the remaining allegations of this paragraph.

**RESPONSE TO PRAYER FOR RELIEF**

Modern Sports Nutrition denies each and every allegation contained in the Prayer for Relief, and Modern Sports Nutrition denies that Plaintiff is entitled to any of the relief whatsoever from Modern Sports Nutrition or this Court, either as requested in the Complaint or otherwise.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials hereinabove set forth in its Answer, without admitting any of Plaintiff's allegations not otherwise admitted, and without undertaking any of the burdens imposed by law against Plaintiff, Defendant avers and asserts the following defenses to Plaintiff's claims:

### First Defense

118.    Plaintiff has engaged in conduct and activities with respect to the subject matter of its Complaint that constitutes unclean hands.  With respect to one or more of the trademarks that are the subject of the Complaint, Plaintiff has engaged in counterfeiting, trademark infringement, unfair competition, false designation of origin, and false advertising.

### Second Defense

119.    Plaintiff's claims for Tortious Interference with Prospective Business Relationships and Injury to a Business Relationship, if applicable to Modern Sports Nutrition, are barred because if Modern Sports Nutrition communicated any information to a third person regarding Plaintiff, such information was true.

### Reservation of Defenses

120.    Modern Sports Nutrition will rely on any additional affirmative defenses as may become available or apparent during discovery, and thus reserves the right to amend its Answer to assert such additional defenses.

## MODERN SPORTS NUTRITION'S COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Modern Sports Nutrition hereby counterclaims against Hi-Tech as follows:

## NATURE OF THE ACTION

1. By these Counterclaims, Modern Sports Nutrition seeks to cease the false, misleading, and deceptive conduct of Hi-Tech.  Modern Sports Nutrition, a veteran-owned business located outside of Pittsburgh, Pennsylvania, manufactures and sells a popular nutritional supplement under the registered trademark MODERN BCAA®.  Modern Sports Nutrition recently discovered that Hi-Tech is advertising and offering for sale the *same* type of product under the *identical* mark "MODERN BCAA," complete with *copycat* labeling—all of which Hi-Tech admits in its Complaint.  This conduct, along with Hi-Tech's misleading advertisements and statements to consumers and distributors, is likely to cause significant consumer confusion regarding the source of Hi-Tech's products and/or its affiliation with Modern Sports Nutrition.  Given Hi-Tech's pattern of conduct designed to confuse the public, and in response to Hi-Tech's baseless Complaint against Modern Sports Nutrition, Modern Sports Nutrition brings these counterclaims against Hi-Tech for counterfeiting, trademark infringement, unfair competition, false designation of origin, and false advertising, seeking damages and injunctive relief.

## THE PARTIES

2. Counterclaimant Modern Sports Nutrition is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 515 Braddock Avenue, Turtle Creek, Pennsylvania 15145.

3. As alleged in Paragraph 35 of the Complaint, Hi-Tech is a corporation organized and existing under the laws of the State of Georgia, having its principal place of business at 6015-B Unity Drive, Norcross, Georgia 30071.

17

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Modern Sports Nutrition's counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) and 15 U.S.C. § 1121(a).

5.      This Court has supplemental jurisdiction over the state law counterclaims in this action pursuant to 28 U.S.C. § 1367(a), because these counterclaims are so related to the federal counterclaims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6.      By filing its Complaint, Hi-Tech has consented to the personal jurisdiction of this Court.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND FACTS

*Modern Sports Nutrition And Its MODERN BCAA® Brand*

8.      Modern Sports Nutrition is a veteran owned and managed business that was founded by experts in the sports nutrition industry.  The executives of Modern Sports Nutrition have significant experience in sports nutrition, with backgrounds that include work at leading nutritional supplement manufacturers and distributors, as well as in the U.S. Marine Corps.  Using their decades of combined experience in training and supplementation, these experts founded Modern Sports Nutrition to manufacture and sell safe, high-quality nutritional and dietary supplements to consumers.

9.      The primary supplement product currently offered by Modern Sports Nutrition is its MODERN BCAA® product, which Modern Sports Nutrition advertises as a workout recovery supplement.  Modern Sports Nutrition markets and sells its MODERN BCAA® supplement throughout the United States, investing significant resources in the MODERN BCAA® brand.

10.     Modern Sports Nutrition is the owner of an incontestable trademark registration, U.S. Trademark Registration No. 4324549, for the mark "MODERN BCAA."  This registration issued April 23, 2013, and covers, among other goods, "dietary and nutritional supplements" in

International Class 5.  A true and correct copy of this trademark registration and the trademark status page is attached as Exhibit 1.

11.     Despite Modern Sports Nutrition's valid ownership of and investment in the MODERN BCAA® brand, Modern Sports Nutrition recently became aware that Hi-Tech is offering for sale and/or selling a counterfeit "MODERN BCAA" supplement product—a situation that threatens Modern Sports Nutrition's entire business.  Hi-Tech is also offering its counterfeit "MODERN BCAA" products under the USPlabs house brand, despite having no known affiliation with this company, causing substantial confusion regarding the source of both parties' products and tarnishing Modern Sports Nutrition's brand.  Hi-Tech admits these facts in its Complaint.

***USPlabs And Its USPlabs® Branded Products***

12.     USPlabs operates as a sports nutrition company, offering supplement products popular with athletes, bodybuilders, and other fitness enthusiasts.

13.     Over many years, USPlabs manufactured and sold a number of well-known dietary and nutritional supplements, including supplement products offered under the brands USPLABS®, JACK3D®, and OXYELITE PRO.

14.     According to U.S. Patent and Trademark Office records, true and correct copies of which are attached as Exhibits 2-4, USPlabs owns trademark registrations for the following marks:

- "USPlabs," U.S. Trademark Reg. No. 3954592, registered May 3, 2011, for "dietary supplements" in International Class 5;

- "Jack3d," U.S. Trademark Reg. No. 4372454, registered July 23, 2013, for "dietary supplements," in International Class 5; and

- "OxyElite Pro," U.S. Trademark Reg. No. 3902660, registered January 11, 2011 for "dietary supplements, not for use as skin care and acne preparations" in International Class 5 (registration cancelled August 18, 2017).

19

15.      USPlabs also previously manufactured and sold the MODERN BCAA® supplement products before it sold the trademark and associated goodwill to Modern Sports Nutrition in May 2019.  Because of the USPlabs Criminal Indictment referenced in the Complaint, USPlabs and Modern Sports Nutrition informed the Department of Justice and the United States Attorneys' Office for the Northern District of Texas (collectively, the "Government") about the proposed sale and assignment of the MODERN BCAA® registration to Modern Sports Nutrition.

16.      Many of the employees of Modern Sports Nutrition, as well as its founder, previously worked at USPlabs, and they had extensive experience working with the MODERN BCAA® brand and products.  For example, Modern Sports Nutrition's founder was the Chief Marketing and Sales officer at USPlabs for many years, including during the growth of the MODERN BCAA® brand.  Accordingly, Modern Sports Nutrition was well-positioned to continue manufacturing and selling the MODERN BCAA® products with the same high quality that consumers had come to expect—which Modern Sports Nutrition continues to do to this day.

17.      Upon information and belief, USPlabs is not currently selling any products directly because of the USPlabs Criminal Indictment referenced in the Complaint; however, there are still USPlabs products in the stream of commerce.

18.      Upon information and belief, and as set forth in the Complaint, pursuant to USPlabs' Plea Agreement, USPlabs agreed to wind down the company.  However, upon information and belief, USPlabs has not yet entirely ceased doing business, and USPlabs' brands continue to command extraordinary consumer loyalty and recognition.

***Hi-Tech And Its Counterfeit Products***

19.      Hi-Tech manufactures and sells dietary supplement products.  Upon information and belief, the President and CEO of Hi-Tech is named Jared Wheat.

20.      Upon information and belief, Hi-Tech has recently embarked on a scheme to trade off of USPlabs' well-known trademarks and exploit the valuable goodwill remaining in those

brands—including USPlabs' former MODERN BCAA® brand that is now owned by Modern Sports Nutrition.

21.     Upon information and belief, Hi-Tech has announced to its distributors and the general public that it will sell a counterfeit "MODERN BCAA" product—the same product sold by Modern Sports Nutrition under its registered MODERN BCAA® mark.  Indeed, in Paragraph 99 of the Complaint, Hi-Tech admits that it "markets, offers for sale, and sells dietary supplements over the internet and elsewhere in the United States under the trademark[]… MODERN BCAA."  Hi-Tech has also advertised repeatedly that it purchased the entire USPlabs brand portfolio and has made a number of public announcements and representations to distributors regarding this purported purchase, as shown in Paragraph 22 below.  Not only are such claims facially false—as USPlabs cannot transfer certain trademarks pursuant to the Plea Agreement—but, because MODERN BCAA® products were previously sold by USPlabs, such claims improperly suggest that Hi-Tech is the legitimate owner of the MODERN BCAA® brand.

22.     Hi-Tech's infringing uses of Modern Sports Nutrition's MODERN BCAA® trademark and false representations include claims that: "USPlabs is back, as part of the #HiTechFamilyofBrands. We're launching with your favorites, #JACK3D and #OXYELITEPRO, with more to follow including #MODERNBCAA's!"  Such claims were posted in various advertisements on Hi-Tech's social media accounts, which also claim the counterfeit "MODERN BCAA" product is "coming soon," examples of which are shown below:



 **Hi-Tech Pharmaceuticals**
16 hrs · 🌐

#USPLABS IS BACK! USPlabs is back, as part of the #HiTechFamilyofBrands. We're launching with your favorites, #JACK3D and #OXYELITEPRO, with more to follow including #MODERNBCAA's! We are now shipping nationally to brick & mortar stores and online retailers. Product should be in-stock there soon, so contact your local store and ask. For retailers, please contact your #HiTechPharma sales rep at 888-855-7919 today before we sell out!
http://usplabsonline.com/





23.     Compounding the confusion caused by Hi-Tech's use of an identical name and logo for an identical type of product, Hi-Tech has advertised its counterfeit "MODERN BCAA" products with virtually indistinguishable trade dress from that of Modern Sports Nutrition's genuine MODERN BCAA® products, as shown from the photos below (comparing the parties' specimens of use submitted to the U.S. Patent and Trademark Office in connection with their trademark filings for "MODERN BCAA" trademarks):

                    

**Hi-Tech's Counterfeit MODERN BCAA**          **Modern Sports Nutrition's Genuine MODERN BCAA®**

24.     Such use of the "MODERN BCAA" mark by Hi-Tech is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Hi-Tech with Modern Sports Nutrition, or as to the origin, sponsorship, or approval of Hi-Tech's products by Modern Sports Nutrition.

25.     Indeed, the virtually identical nature of Hi-Tech's trade dress for its "MODERN BCAA" product has even led to actual confusion by Hi-Tech—as shown by the fact that Hi-Tech included a picture of Modern Sports Nutrition's product as its own product in the Complaint. (*See* Complaint, Paragraph 43.)

26.     Further increasing the likelihood of consumer confusion is Hi-Tech's use of the mark "USPLABS" in connection with "MODERN BCAA"—in the same logo form previously used by USPlabs and with a registration symbol, falsely indicating the mark is registered by Hi-

Tech.  This use, which is shown on the label above, will cause consumers to mistakenly believe that the product originates with USPlabs or that Hi-Tech is affiliated with USPlabs when in fact, Hi-Tech is not.

27.     Hi-Tech seeks to confuse members of the consuming public by capitalizing on what was once substantial goodwill associated with USPlabs' nutritional products.  Hi-Tech has misled members of the consuming public by making claims of a connection with USPlabs where no such affiliation or sponsorship exists.

28.     Not only has Hi-Tech deliberately and unlawfully launched a campaign to mislead consumers that it will be selling genuine "MODERN BCAA" products and that USPlabs is "back," but as admitted in its Complaint, Hi-Tech has sought to register USPlabs' brands— including the "MODERN BCAA" mark now owned by Modern Sports Nutrition.

29.     Indeed, on October 2, 2019, Hi-Tech filed an application to register the identical mark "MODERN BCAA" (U.S. Trademark Application Serial No. 88/639,582) in connection with identical products to those registered by Modern Sports Nutrition, namely "dietary and nutritional supplements" in International Class 5.

30.     Hi-Tech's application for "MODERN BCAA," a true and correct copy of which is attached as Exhibit 5, was filed based on an alleged use of the mark in commerce by Hi-Tech in connection with dietary and nutritional supplements.  As part of the application, Hi-Tech submitted the above photo in Paragraph 23 of a purported "MODERN BCAA" product bearing a "USPlabs" label to demonstrate use of the mark in commerce.

31.     Hi-Tech's trademark application for "MODERN BCAA" includes the required declaration that "no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

32.     However, upon information and belief, Hi-Tech was aware of Modern Sports Nutrition and its use of the MODERN BCAA® mark at the time the application was filed in

25

October 2019.  Specifically, upon information and belief, Hi-Tech's representatives attended a September 2019 trade show where Modern Sports Nutrition had a booth advertising its MODERN BCAA® products.  Hi-Tech's representatives, one identified as the Vice President of Brand Development for Hi-Tech, asked employees of Modern Sports Nutrition questions about the MODERN BCAA® products and took photographs of the Modern Sports Nutrition booth and products.

33.    In addition to its trademark application for "MODERN BCAA," and as admitted in Paragraph 42 of the Complaint, Hi-Tech has filed applications to register marks historically used by USPlabs, including the following:

- "USP LABS," U.S. Trademark Application Serial No. 88/595,250, filed August 27, 2019, for "dietary and nutritional supplements" in International Class 5;

- "JACK3D," U.S. Trademark Application Serial No. 88/595,228, filed August 27, 2019, for "dietary and nutritional supplements," in International Class 5; and

- "OXYELITE PRO," U.S. Trademark Application Serial No. 88/352,722, filed March 22, 2019, for "dietary and nutritional supplements, none for skin care or acne care" in International Class 5.

34.    The acts complained of herein are without Modern Sports Nutrition's permission.

35.    The acts complained of herein are also willful.  Upon information and belief, Hi-Tech had knowledge of Modern Sports Nutrition's MODERN BCAA® products and decided to sell a counterfeit version under the same mark and virtually identical label.

36.    Upon information and belief, Hi-Tech has also long been aware of USPlabs' brands.  For example, Hi-Tech has sold "knock-off" versions of USPlabs' Jack3d and OxyElitePro by offering a similar pre-workout supplement for sale known as "Jack'd Up" and a weight-loss product known as "HydroxyElite" on its website and through its distribution channels.  True and correct copies of screen shots from Hi-Tech's website where these products are available for sale are attached as Exhibit 6.  Further evidencing Hi-Tech's knowledge of

26

USPlabs' brands is the disclaimer on these web pages that: "This product is not manufactured or distributed by U.S.P. Labs."

37.     As of the filing date of this Answer and Counterclaims, and despite the cease and desist letter sent to Hi-Tech on October 23, 2019, and attached as an exhibit to the Complaint, Hi-Tech has not indicated that it will cease use of the infringing "MODERN BCAA" mark. Furthermore, Hi-Tech has failed to withdraw its trademark application for the "MODERN BCAA" mark.

38.     Additionally, on October 31, 2019, Hi-Tech filed two new U.S. trademark applications for "MODERN EAA+" (U.S. Trademark Application Serial No. 88/675,837) and "MODERN CREATINE" (U.S. Trademark Application Serial No. 88/675,850), both covering "Dietary and nutritional supplements" in International Class 5 and filed based on an alleged intent to use the marks in U.S. commerce.

39.     Also subsequent to the cease and desist letter, on November 7, 2019, a new Instagram profile for "USPlabs" surfaced, containing the same graphics and language previously used on Hi-Tech's Instagram posts regarding USPlabs' and Modern Sports Nutrition's products, including images of Hi-Tech's counterfeit version of the "MODERN BCAA" product.  The Instagram profile includes a separate post dedicated solely to "MODERN BCAA," with hashtags for "thsnutrition" and "fatburnersonly."  THS Nutrition is Modern Sports Nutrition's distributor for genuine MODERN BCAA® products in Australia, and Fat Burners Only is one of THS Nutrition's largest customers.  "Tagging" THS Nutrition and Fat Burners Only in this post improperly suggests that these entities sell Hi-Tech's counterfeit product.  Upon information and belief, Hi-Tech or its representatives are responsible for this new Instagram profile and its content.  A true and correct copy of this Instagram profile is attached as Exhibit 7.

40.     Not only are Hi-Tech's infringing activities likely to lead to significant consumer confusion, but upon information and belief, any association of Hi-Tech with Modern Sports

Nutrition or its MODERN BCAA® brand will tarnish Modern Sports Nutrition's reputation and goodwill because of Hi-Tech's history of selling misbranded products.

41.     For example, Hi-Tech is currently under criminal indictment in a case pending in the U.S. District Court for the Northern District of Georgia, Case No. 1:17-CR-0229, styled *U.S. v. Wheat, Schopp, and Hi-Tech Pharmaceuticals, Inc.* Among other charges, the indictment alleges that the defendants: "sought to enrich themselves unjustly by distributing to prospective and current customers, via email, false, fraudulent, and misleading documents and representations regarding the regulatory compliance of HI-TECH and its products, including false, fraudulent, and misleading FDA Certificates of Free Sale, GMP [Good Manufacturing Practice] certificates, and GMP audit reports." A true and correct copy of the criminal indictment is attached as Exhibit 8.

42.     This criminal case is not the first time that either Hi-Tech or its CEO, Mr. Wheat, have been accused of fraudulent conduct and violations of U.S. Food and Drug Administration ("FDA") regulations—including trademark counterfeiting issues. In fact, in 2009, Hi-Tech and Mr. Wheat were convicted for producing (through an offshore laboratory in Belize) and marketing in the U.S. counterfeit prescription drugs. Upon information and belief, Mr. Wheat, was sentenced to fifty (50) months in prison and ordered to forfeit $3 million of proceeds from the sale of these products in connection with this action. A true and correct copy of the DOJ press release regarding the plea agreement with Mr. Wheat is attached as Exhibit 9.

43.     The FDA has also raised concerns about the safety of Hi-Tech's products. A true and correct copy of the FDA web page, entitled "DMAA in Products Marketed at Dietary Supplements" is attached as Exhibit 10.

44.     Additionally, the Federal Trade Commission ("FTC") has taken action against Hi-Tech and Mr. Wheat on numerous occasions for making false statements and claims about the safety and efficacy of Hi-Tech's products. For example, in connection with false claims about Hi-Tech's weight loss products, the FTC obtained a $40 million judgment against Hi-Tech and a court-ordered recall of the products. Upon information and belief, Mr. Wheat

served two months in federal prison as a result of his refusal to comply with the court-ordered recall.  A true and correct copy of the FTC's Press Release regarding these actions is attached as Exhibit 11.

45.   Modern Sports Nutrition will be irreparably harmed if Hi-Tech is permitted to continue its use of Modern Sports Nutrition's identical MODERN BCAA® mark, or to begin use of the confusingly similar marks "MODERN EAA+" and "MODERN CREATINE."  For example, the counterfeit product will undoubtedly lead to consumer confusion.  Additionally, Modern Sports Nutrition will be harmed by Hi-Tech's continued advertisements suggesting it is affiliated with or has purchased the USPlabs brands—false claims that are also likely to mislead consumers and/or improperly suggest an affiliation between Modern Sports Nutrition and Hi-Tech.  Given Hi-Tech's past criminal activities in connection with its products, Modern Sports Nutrition's brand reputation will be diminished if consumers mistakenly believe that either Modern Sports Nutrition or its MODERN BCAA® products are affiliated with Hi-Tech.

## FIRST COUNTERCLAIM
### (Counterfeiting – 15 U.S.C. § 1114(1))

46.   Modern Sports Nutrition repeats, realleges, and incorporates by reference each and every allegation set forth in Paragraphs 1–45 above, as if fully set forth herein.

47.   Modern Sports Nutrition owns all rights to the MODERN BCAA® trademark, including an incontestable registration for the MODERN BCAA® mark on the Principal Register.

48.   Hi-Tech uses a non-genuine, identical mark to Modern Sports Nutrition's MODERN BCAA® mark.  Indeed, not only does Hi-Tech use the same mark, but on its product labels and in its advertising, Hi-Tech has adopted the same capitalization, stylization, and color scheme for the mark as is used by Modern Sports Nutrition.  Upon information and belief, and given the identical nature of the parties' use of "MODERN BCAA," Hi-Tech has intentionally used the "MODERN BCAA" mark in commerce knowing that it is a counterfeit.

49.     Hi-Tech uses its counterfeit "MODERN BCAA" mark in connection with the offer for sale and sale of the same type of products that Modern Sports Nutrition sells under its MODERN BCAA® mark and for which Modern Sports Nutrition owns a trademark registration, namely, dietary and nutritional supplements.  Modern Sports Nutrition has not authorized Hi-Tech's use of its mark.

50.     Hi-Tech's use of the "MODERN BCAA" trademark is likely to cause confusion, mistake, or deception as to the source or sponsorship of Hi-Tech's goods, and is likely to cause consumers to believe, contrary to fact, that Hi-Tech's goods originate from, or have been authorized, sponsored, approved, endorsed, or licensed by Modern Sports Nutrition, or that Hi-Tech is in some way affiliated with or sponsored by Modern Sports Nutrition.

51.     Hi-Tech's acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Modern Sports Nutrition's rights in and to the MODERN BCAA® trademark and with intent to trade off Modern Sports Nutrition's goodwill in its mark.

52.     The above-described acts of Hi-Tech constitute counterfeiting in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

53.     As a direct and proximate result of Hi-Tech's counterfeiting, Modern Sports Nutrition has suffered damages in an amount to be determined at trial.  Alternatively, Modern Sports Nutrition is entitled to statutory damages for Hi-Tech's willful use of the counterfeit "MODERN BCAA" mark.

54.     Hi-Tech's counterfeiting has caused and continues to cause Modern Sports Nutrition irreparable harm that cannot be fully redressed through damages alone.  An injunction as set forth herein is necessary to provide Modern Sports Nutrition with complete relief.

55.     Upon information and belief, Hi-Tech's acts were in conscious and willful disregard for Modern Sports Nutrition's rights, and the resulting damage to Modern Sports Nutrition is such as to warrant the trebling of damages in order to provide just compensation.

## SECOND COUNTERCLAIM

## (Trademark Infringement – 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a))

56.     Modern Sports Nutrition repeats, realleges, and incorporates by reference each and every allegation set forth in Paragraphs 1–55 above, as if fully set forth herein.

57.     Modern Sports Nutrition uses the mark MODERN BCAA® in connection with the manufacture, advertising, and sale of dietary supplements and owns protectable rights in this mark.  Modern Sports Nutrition also owns a trademark registration for the mark MODERN BCAA®, which is valid, enforceable, and incontestable.

58.     Hi-Tech has used and continues to use the identical mark "MODERN BCAA" in connection with its advertising and offering for sale of the same type of products offered by Modern Sports Nutrition.  Accordingly, Hi-Tech's advertising, marketing, promotion, offer for sale, sale, and/or distribution of products bearing the "MODERN BCAA" trademark is likely to cause confusion, or to cause mistake, or to deceive customers that Hi-Tech's "MODERN BCAA" products originate with or are sponsored or approved by Modern Sports Nutrition, or that Hi-Tech is affiliated, connected, or associated with Modern Sports Nutrition.

59.     Modern Sports Nutrition's rights to the MODERN BCAA® trademark are superior to any rights Hi-Tech may claim in the "MODERN BCAA" trademark.

60.     Hi-Tech's use of the "MODERN BCAA" trademark is without the permission of Modern Sports Nutrition.

61.     Upon information and belief, Hi-Tech had knowledge of Modern Sports Nutrition's MODERN BCAA® trademark and the considerable commercial success this brand has achieved.  Modern Sports Nutrition is informed and believes, and thereon alleges, that Hi-Tech willfully and with conscious disregard for Modern Sports Nutrition and its rights in the MODERN BCAA® trademark, advertised, marketed, promoted, offered for sale, sold, and/or distributed products bearing the "MODERN BCAA" trademark in a manner likely to cause confusion, or to cause mistake, or to deceive consumers.

62.     The above-recited acts by Hi-Tech constitute trademark infringement of Modern Sports Nutrition's federally registered trademark in violation of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), to the substantial and irreparable injury of the public and of Modern Sports Nutrition's business reputation and goodwill.

63.     As a direct and proximate result of Hi-Tech's infringement, Modern Sports Nutrition has suffered damages in an amount to be determined at trial.

64.     As a result of the unlawful conduct set forth above, Hi-Tech has been and will continue to be unjustly enriched in connection with its distribution, advertising, and sale of products bearing the "MODERN BCAA" trademark.

65.     Hi-Tech's acts were in conscious and willful disregard for Modern Sports Nutrition's rights, and the resulting damage to Modern Sports Nutrition is such as to warrant the trebling of damages in order to provide just compensation.

66.     Hi-Tech's infringement has caused and continues to cause Modern Sports Nutrition irreparable harm that cannot be fully redressed through damages alone.  An injunction as set forth herein is necessary to provide Modern Sports Nutrition with complete relief.

## THIRD COUNTERCLAIM
### (False Designation of Origin – 15 U.S.C. § 1125(a))

67.     Modern Sports Nutrition repeats, realleges, and incorporates by reference each and every allegation set forth in Paragraphs 1–66 above, as if fully set forth herein.

68.     Modern Sports Nutrition owns the exclusive rights to the MODERN BCAA® trademark.  Modern Sports Nutrition's rights to the MODERN BCAA® trademark are superior to any rights Hi-Tech may claim in the "MODERN BCAA" trademark.

69.     Notwithstanding Modern Sports Nutrition's prior rights, Hi-Tech uses in commerce the "MODERN BCAA" trademark in connection with supplement products, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Hi-Tech with Modern Sports Nutrition, or as to the origin, sponsorship, or approval of Hi-Tech's goods.

32

70.     By misappropriating and using Modern Sports Nutrition's MODERN BCAA® mark, Hi-Tech is misrepresenting and falsely describing to the general public and others the origin, sponsorship, or approval of its products, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

71.     As a direct and proximate result of the foregoing acts of Hi-Tech, Modern Sports Nutrition has suffered and will continue to suffer monetary damages in an amount that is not presently ascertainable but will be established at trial.

72.     As a result of the unlawful conduct set forth above, Hi-Tech has been and will continue to be unjustly enriched in connection with its distribution, advertising, and sale of products bearing the "MODERN BCAA" mark.

73.     Upon information and belief, Hi-Tech's acts were in conscious and willful disregard for Modern Sports Nutrition's rights, and the resulting damage to Modern Sports Nutrition is such as to warrant the trebling of damages in order to provide just compensation.

74.     Hi-Tech's above-recited acts have inflicted, and unless enjoined will continue to inflict, great and irreparable injury upon the reputation and goodwill of Modern Sports Nutrition, for which injury Modern Sports Nutrition has no adequate remedy at law.  Modern Sports Nutrition is entitled to preliminary and permanent injunctions enjoining Hi-Tech from engaging in further acts of false designation of origin.

### FOURTH COUNTERCLAIM
### (Unfair Competition – 15 U.S.C. § 1125(a))

75.     Modern Sports Nutrition repeats, realleges, and incorporates by reference each and every allegation set forth in Paragraphs 1–74 above, as if fully set forth herein.

76.     Despite Modern Sports Nutrition's exclusive and superior rights to the MODERN BCAA® trademark, Hi-Tech uses in commerce the "MODERN BCAA" trademark in connection with supplement products, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Hi-Tech with Modern Sports Nutrition, or as to the origin, sponsorship, or approval of Hi-Tech's goods.

33

77.     Hi-Tech's conduct complained of herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

78.     Modern Sports Nutrition has been seriously and irreparably damaged as a result of Hi-Tech's unlawful conduct and will continue to be seriously and irreparably damaged unless Hi-Tech's conduct is enjoined.

79.     As a result of the acts of Hi-Tech, Modern Sports Nutrition has suffered and will continue to suffer monetary damages in an amount not yet determined.

80.     Upon information and belief, Hi-Tech's acts were in conscious and willful disregard for Modern Sports Nutrition's rights, and the resulting damage to Modern Sports Nutrition is such as to warrant the trebling of damages in order to provide just compensation.

## FIFTH COUNTERCLAIM
### (False Advertising – 15 U.S.C. § 1125(a))

81.     Modern Sports Nutrition repeats, realleges, and incorporates by reference each and every allegation set forth in Paragraphs 1–80 above, as if fully set forth herein.

82.     Hi-Tech has made the following false or misleading representations of fact:

- Hi-Tech is authorized to sell products under the "MODERN BCAA" brand;

- Hi-Tech purchased the rights to USPlabs' brands and/or is otherwise affiliated with USPlabs such that it can bring the USPlabs products "back" under the same marks and logos; and

- Hi-Tech has registered the "USPLABS" mark and other marks, as shown by the use of a registration symbol adjacent to these marks on its products.

83.     The foregoing statements have a tendency to deceive a substantial segment of the relevant consuming public.

84.     The foregoing statements were made knowingly and with the intent to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Hi-Tech's goods.

34

85.     The aforementioned statements were made in commercial advertising or promotion of Hi-Tech's products, are false and/or misleading, and misrepresent the nature and characteristics of Hi-Tech's products.  Further, the above-mentioned statements are likely to influence the decision by consumers to purchase Hi-Tech's products.

86.     The above-described acts of Hi-Tech constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

87.     Hi-Tech's false statements are injurious to the reputation and goodwill of Modern Sports Nutrition, and they are deceptive and misleading to the public, including those members of the public who are potential customers of Modern Sports Nutrition's products and Hi-Tech's products.

88.     Hi-Tech's use of the "MODERN BCAA" trademark in connection with such misrepresentations have been without the consent, approval, or permission of Modern Sports Nutrition.

89.     If not enjoined by the Court, Hi-Tech will continue to publish false and misleading statements regarding its products, which statements have inflicted, and will continue to inflict, irreparable harm on the reputation and goodwill of Modern Sports Nutrition and its MODERN BCAA® products, and which statements will, upon information and belief, continue to mislead consumers.

90.     As a result of its acts, Hi-Tech has been and will continue to be unjustly enriched by profits that Hi-Tech has made and will make on sales induced by false and misleading statements about its products.

91.     As a direct and proximate result of the foregoing acts of Hi-Tech, Modern Sports Nutrition has suffered and is entitled to monetary damages in an amount not yet determined.

92.     Upon information and belief, Hi-Tech's acts were in conscious and willful disregard for Modern Sports Nutrition's rights, and the resulting damage to Modern Sports Nutrition is such as to warrant the trebling of damages in order to provide just compensation.

## SIXTH COUNTERCLAIM

### (Common Law Trademark Infringement)

93.     Modern Sports Nutrition repeats, realleges, and incorporates by reference each and every allegation set forth in Paragraphs 1–92 above, as if fully set forth herein.

94.     Modern Sports Nutrition uses the mark MODERN BCAA® in connection with the manufacture, advertising, and sale of dietary supplements and owns protectable rights in this mark at common law.  Modern Sports Nutrition also owns a trademark registration for the mark MODERN BCAA®, which is valid, enforceable, and incontestable.

95.     Hi-Tech has used and continues to use the identical mark "MODERN BCAA" in connection with its advertising and offering for sale of the same type of products offered by Modern Sports Nutrition.  Accordingly, Hi-Tech's advertising, marketing, promotion, offer for sale, sale, and/or distribution of products bearing the "MODERN BCAA" trademark is likely to cause confusion, or to cause mistake, or to deceive customers that Hi-Tech's "MODERN BCAA" products originate with or are sponsored or approved by Modern Sports Nutrition, or that Hi-Tech is affiliated, connected, or associated with Modern Sports Nutrition.

96.     Modern Sports Nutrition's rights to the MODERN BCAA® trademark are superior to any rights Hi-Tech may claim in the "MODERN BCAA" trademark.

97.     Hi-Tech's use of the "MODERN BCAA" trademark is without the permission of Modern Sports Nutrition.

98.     Upon information and belief, Hi-Tech had knowledge of Modern Sports Nutrition's MODERN BCAA® trademark and the considerable commercial success this brand has achieved.  Modern Sports Nutrition is informed and believes, and thereon alleges, that Hi-Tech willfully and with conscious disregard for Modern Sports Nutrition and its rights in the MODERN BCAA® trademark, advertised, marketed, promoted, offered for sale, sold, and/or distributed products bearing the "MODERN BCAA" trademark in a manner likely to cause confusion, or to cause mistake, or to deceive consumers.

99.    The above-recited acts by Hi-Tech constitute trademark infringement of Modern Sports Nutrition's rights in and to its MODERN BCAA® mark in violation of Texas common law, to the substantial and irreparable injury of the public and of Modern Sports Nutrition's business reputation and goodwill.

100.    As a direct and proximate result of Hi-Tech's infringement, Modern Sports Nutrition has suffered damages in an amount to be determined at trial.

101.    As a result of its acts, Hi-Tech has been and will continue to be unjustly enriched in connection with its distribution, advertising, and sale of products bearing the "MODERN BCAA" trademark.

102.    Modern Sports Nutrition's infringement has caused and continues to cause Hi-Tech irreparable harm that cannot be fully redressed through damages alone.  An injunction as set forth herein is necessary to provide Modern Sports Nutrition with complete relief.

## SEVENTH COUNTERCLAIM
### (Common Law Unfair Competition)

103.    Modern Sports Nutrition repeats, realleges, and incorporates by reference each and every allegation set forth in Paragraphs 1–102 above, as if fully set forth herein.

104.    Despite Modern Sports Nutrition's exclusive and superior rights to the MODERN BCAA® trademark, Hi-Tech uses in commerce the "MODERN BCAA" trademark in connection with supplement products, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Hi-Tech with Modern Sports Nutrition, or as to the origin, sponsorship, or approval of Hi-Tech's goods.

105.    Additionally, as described above, Hi-Tech has made false and misleading statements about Modern Sports Nutrition's MODERN BCAA® products and Hi-Tech's products that constitute unfair competition under Texas common law.  Upon information and belief, these statements have deceived and have a tendency to deceive a substantial portion of consumers of Hi-Tech's products.  This deception is material because it is likely to influence the purchasing decisions of consumers.

106.   Hi-Tech's conduct complained of herein constitutes unfair competition in violation of Texas common law.

107.   If not enjoined by the Court, Hi-Tech will continue to publish false and misleading statements regarding its products, which statements have inflicted, and will continue to inflict, irreparable harm on the reputation and goodwill of Modern Sports Nutrition and its MODERN BCAA® products.

108.   As a result of the acts of Hi-Tech, Modern Sports Nutrition has suffered and will continue to suffer monetary damages in an amount not yet determined.

## PRAYER FOR RELIEF

WHEREFORE, Modern Sports Nutrition prays that the Court enter an Order against Hi-Tech as follows:

1.   That Hi-Tech, its officers, directors, employees, attorneys, and all persons and/or entities acting for, with, by, through, or in concert with them, be enjoined preliminarily and permanently from:

A.   Manufacturing, advertising, distributing, marketing, promoting, offering for sale, and/or selling any products bearing the "MODERN BCAA" trademark;

B.   Using the "MODERN BCAA" trademark, and/or any other designations that are colorable imitations of and/or are confusingly similar to the "MODERN BCAA" trademark, including the designations "MODERN EAA+" and "MODERN CREATINE," in connection with the advertising, distribution, marketing, promotion, offering for sale, and/or sale of products neither originating from nor authorized by Modern Sports Nutrition;

C.   Representing in any manner or by any method whatsoever, that the goods provided by Hi-Tech are sponsored, approved, authorized by, or originate from Modern Sports Nutrition, or otherwise taking any action likely to cause confusion, mistake, or deception as to the origin, approval, sponsorship, or certification of such goods;

D.   Engaging in false advertising; and

E.      Unfairly competing with Modern Sports Nutrition in any manner.

2.      That Hi-Tech be required to prepare and deliver to this Court a complete list of entities to whom Hi-Tech distributed and/or sold products that infringe the "MODERN BCAA" trademark and to serve a copy of such list on Modern Sports Nutrition's attorneys.

3.      That Hi-Tech be required to deliver to this Court all products, containers, packages, labels, literature, catalogs, signs, advertising material, and the like bearing the "MODERN BCAA" mark and/or any mark that is confusingly similar to the "MODERN BCAA" trademark.

4.      That Hi-Tech, within thirty (30) days after service of judgment with notice of entry upon it, be required to file with this Court and serve upon Modern Sports Nutrition's attorneys a written report, under oath, setting forth in detail the manner in which Hi-Tech has complied with paragraphs 1–3 above.

5.      That Modern Sports Nutrition be awarded statutory damages for Hi-Tech's willful use of a counterfeit mark in connection with the sale, offering for sale, or distribution of products.

6.      That Hi-Tech be required to account for and pay over to Modern Sports Nutrition its profits and the cumulative damages sustained by Modern Sports Nutrition by reason of Hi-Tech's unlawful acts of trademark infringement, false designation of origin, unfair competition, and false advertising herein alleged, that the amount of recovery be increased as provided by law, up to three times, and that interest and costs be awarded to Modern Sports Nutrition.

7.      That Hi-Tech be required to engage in corrective advertising to mitigate the damage done to Modern Sports Nutrition's reputation, damage done to the distinctive quality of the MODERN BCAA® mark, and the harm to the goodwill associated with the MODERN BCAA® mark from Hi-Tech's unlawful conduct.

8.      That this Court order disgorgement and/or restitution of Hi-Tech's profits to Modern Sports Nutrition.

9.      That Modern Sports Nutrition be awarded its reasonable costs and attorneys' fees.

39

10.     That Modern Sports Nutrition be awarded such other and further relief as the

Court may deem equitable.


Dated:  November 26, 2019                    By:   /s/ *Thomas R. (Dan) Cushing*
                                                     Thomas R. (Dan) Cushing

                                             Thomas R. (Dan) Cushing
                                             JONES DAY
                                             2727 N. Harwood St.
                                             Dallas, TX 75201
                                             Telephone:     (214) 969-4527
                                             Facsimile:     (214) 969-5100
                                             E-mail: tcushing@jonesday.com


                                             Meredith M. Wilkes (*pro hac vice motion to be
                                             filed*)
                                             JONES DAY
                                             901 Lakeside Avenue
                                             Cleveland, Ohio 44114
                                             Telephone:     (216) 586-7231
                                             Facsimile:     (216) 579-0212
                                             E-mail: mwilkes@jonesday.com

                                             Anna E. Raimer (*pro hac vice motion to be filed*)
                                             JONES DAY
                                             717 Texas, Suite 3300
                                             Houston, Texas 77002
                                             Telephone:    (832) 239-3939
                                             Facsimile:     (832) 239-3600
                                             E-mail: aeraimer@jonesday.com

                                             *Attorneys for Defendant/Counterclaimant
                                             Modern Sports Nutrition, LLC*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Modern Sports Nutrition hereby demands a trial by jury on all issues triable in this action.


Dated:  November 26, 2019

By:  /s/ *Thomas R. (Dan) Cushing*
　　　　Thomas R. (Dan) Cushing

Thomas R. (Dan) Cushing
JONES DAY
2727 N. Harwood St.
Dallas, TX 75201
Telephone:　(214) 969-4527
Facsimile:　(214) 969-5100
E-mail: tcushing@jonesday.com


Meredith M. Wilkes (*pro hac vice motion to be filed*)
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone:　(216) 586-7231
Facsimile:　(216) 579-0212
E-mail: mwilkes@jonesday.com

Anna E. Raimer (*pro hac vice motion to be filed*)
JONES DAY
717 Texas, Suite 3300
Houston, Texas 77002
Telephone:　(832) 239-3939
Facsimile:　(832) 239-3600
E-mail: aeraimer@jonesday.com

*Attorneys for Defendant/Counterclaimant*
*Modern Sports Nutrition, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 26th day of November, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all attorneys of record via the transmission of Notices of Electronic Filing generated by CM/ECF.

Dated: November 26, 2019                          Respectfully submitted,


                                                 /s/ Thomas R. (Dan) Cushing

                                                 *Attorney for Defendant*
                                                 *Modern Sports Nutrition, LLC*

42